Brady, J.
On the 26th of March, 1884, John 0. Seager, with others filed in the office of the secretary of state a certificate of their intention to form a corporation to be known as c ‘ Seager Brothers (limited), ” and he was designated as one of the commissioners to receive subscriptions. At the time the certificate was filed the Seager Brothers were insolvent, and during the months of March and April, 1884, John 0., who was acting as commissioner and agent, through, it is alleged, various false and fraudulent misrepresentations, induced the plaintiffs to subscribe to the capital stock of the-corporation mentioned.
On the 81st of March, 1884, Peter H. Walsh, one of the plaintiffs, relying upon representations which are fully set out in the complaint, and by which he was induced so to do, subscribed for a hundred shares of the capital stock, but, as he alleged, upon an understanding with John 0. Seager that he was only to take fifty shares, and it is alleged at about the same date, the other plaintiffs took the number of shares mentioned as stated in the complaint.
On the 17th of April, 1884, the company commenced business, at which time there had been paid in thirty-eight thousand two hundred and fifty dollars in subscriptions, and which amount, it is alleged, was all squandered in paying large salaries to officers and numerous clerks, except the sum of nineteen hundred dollars, which remained in the treasury.
It is also alleged that of the capital of the corporation nearly $12,000 was expended by the company in payment of alleged debts of the firm of Seager Brothers. It is further alleged, in connection with the facts already stated and others, to which it is not necessary particularly to refer, that the plaintiffs became aware of the deception which had been practiced upon them in consequence of the falsity of the representations which were made and which induced *191 .them to subscribe for the stock, and took steps to he relieved from their subscription by the company, insisting that the .company should be dissolved, whereupon negotiations for a compromise were commenced, but faded, and consequently .suits were brought by the company in the common pleas of this city to collect the amounts alleged to be due from each •of the plaintiffs on their subscriptions severally. And this action, after the commencement of these suits, was brought for the purpose of obtaining a rescission of the contracts of subscription.
After the commencement of this action, and after notice «of a motion for an injunction had been served, and only • the day before it was finally heard, and after, it seems, the company had refused to discontinue business or dissolve, the directors took steps for a voluntary dissolution of the corporation, which are still pending.
Upon the hearing an order was made restraining the corporation from prosecuting the actions mentioned and contracting any new debts and obligations in the prosecution of its business during the pendency of this action. From the order made upon the decision of that motion this appeal is taken.
The learned justice in the court below disposed of the motion in an opinion in which he stated that the defendant had gone into liquidation, and that in the proceedings consequent upon that circumstance the rights and debts of the parties would be fixed, and the assets of the corporation would be best protected, therefore, by enjoining all suits and expenses, except such as might be necessary in adjusting the respective debts on liquidation.
The effect of the voluntary dissolution of the company was to place all its property and all its assets in custodia legis, to be collected and applied by a person appointed by the court; and it is not at all astonishing, therefore, that the learned justice in the court below should have arrived at the conclusion he did in view of that circumstance. It is true that the charges of fraud alleged against the defendant Seager are denied, and the affidavit of the plaintiff, Peter H. Walsh, in many respects successfully contradicted; but nevertheless the non-success of the corporation in its business being established beyond all peradventure, not only by the facts and circumstances detailed, but by its voluntary •dissolution, seem to furnish a reason, and an unanswerable one, why the corporation should not be permitted to contract any debts except those which, as indicated in the opinion of the court, grew out of the proceedings in liquidation. There might be some reason in questioning the propriety of issuing an injunction to restrain the proceedings in the actions in the common pleas, inasmuch as the *192 defense of fraud upon which the plaintiffs chiefly rest their right of procedure in this case, could have been interposed as a defense and affirmative relief asked and obtained, as is clearly settled by the case of McHenry v. Hazard (45 N. Y., 581), and cases cited, although that‘case is not an authority for the maintenance of this action, inasmuch as the injunction issued was maintained upon the ground that there were several claims for the same cause of action, and a fact thus presented which specially called for the interposition of the powers of equity.
In a proceeding to dissolve a corporation the subscribers for the stock may be prosecuted with the same force and effect as they could be by the company; and if the actions already commenced in the court of common pleas were to be continued, it would be necessary to have defendant plaintiff therein; and although the injunction might, perhaps, be asked with some propriety in respect to the actions, yet, under all the circumstances, as it does not appear that they have progressed to any great extent, the conclusion that the subject-matter should be left to be considered and disposed of by that proceeding, and such course as may be taken in the enforcement of the authority derived from it, seems to be the more appropriate and discreet mode of disposing of the whole matter. If a receiver be appointed he may bring actions against subscribers for the balance due upon their subscriptions, or upon a proper application to this court he might be permitted to continue the action already commenced in his name, if upon a consideration of the facts and circumstances that were considered to be the better mode of procedure.
It is very clear, no matter what may be regarded as the most appropriate disposition of this appeal, that the company, if dissolved, should not be permitted to contract any debts in the discharge of any business connected with it, and that relief to that extent at least should be granted to the plaintiffs; and inasmuch as the proceedings to dissolve would be quite sufficient for all purposes, the advantage to be derived from the appeal from the order made herein does not present itself.
The corporation had substantially gone out of existence, its assets had passed into the possession of the court, and the collection of them and their disposition would seem to be more appropriate through that instrumentality than any other.
For these reasons the order must be affirmed, but without costs to either party.
Daniels, J., concurs.